Stanley J. OUREN, individually and as the next friend of Steven J. Ouren and Gregory L. Ouren, Plaintiffs and Appellees,

v.

Geraldine KREBSBACH, Defendant,

Sunset Memorial Gardens of Jamestown, Inc., Defendant and Appellant.

Civ. No. 10385.

Supreme Court of North Dakota.

Oct. 6, 1983.

Daniel E. Buchanan, Jamestown, for plaintiffs and appellees; argued by Daniel E. Buchanan, Jamestown.

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for defendant and appellant Sunset Memorial Gardens; argued by Brian D. Neugebauer, West Fargo.

PER CURIAM.

This is an appeal from a judgment entered upon a jury verdict in favor of the Ourens against Sunset. We affirm in part, modify in part, and remand.

The case involved the removal by Sunset of a headstone from the grave of Mrs. Ouren. The Ourens brought suit for intentional infliction of mental or emotional distress,[1] seeking injunctive relief, special damages, and punitive damages. Krebsbach and Sunset answered and interposed a counterclaim.

The jury returned a special verdict against Sunset in favor of the Ourens for compensatory damages and in favor of Sunset on its counterclaim. The jury did not award any exemplary damages. No argument is made that the special verdict form is improper. All claims against Geraldine Krebsbach were dismissed prior to submission of the case to the jury.

Sunset appealed from the judgment entered on the verdict and raised the following issues:

1. Is there sufficient evidence to sustain the jury's verdict?

2. Are plaintiffs bound by the type and amount of damages which they sought in the action?

3. Did the district court err in instructing the jury on responsibility for conduct and conversion?

At oral argument, counsel for Sunset waived issue number one and accordingly we will not consider that issue.

Counsel for the Ourens conceded at oral argument that general compensatory damages, as distinguished from special damages and punitive damages, were not pleaded and there was no evidence to support the compensatory damages awarded. The judgment must therefore be modified by setting aside the compensatory damages awarded the Ourens.

In the light of the disposition we have made, the dispute over the instructions need not be considered.

No question has been raised with regard to that portion of the judgment in favor of Sunset on its counterclaim, and it is therefore affirmed.

For the reasons stated, the judgment is affirmed in part, modified in part, and remanded for amendment in accordance with this opinion. Neither party is entitled to costs on appeal.

ERICKSTAD, C.J., PEDERSON, VANDE WALLE and SAND, JJ., and WALLACE D. BERNING, District Judge, concur.

WALLACE D. BERNING, District Judge, sat in this case to fill the vacancy caused by the retirement of Justice PAULSON.

---

1. The cause of action and the instructions thereon were generally in accord with Restatement (Second) of Torts, § 46(1).